UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>        Plaintiff,<br><br>  vs.<br><br>LUIS QUINTANILLA and ODILIA QUINTANILLA,<br><br>        Defendants. | Case No: C 12-2581 SBA<br><br>Related to:<br>No. C 11-1044 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff Deutsche Bank National Trust Company filed the instant unlawful detainer ("UD") action against Defendants in the Superior Court of California, County of Contra Costa, on January 11, 2011, seeking possession of certain residential property located at 5049 Claremont Ct., Oakley, California 94561. Acting pro se, Defendants removed the action to this Court on March 7, 2011. See Deutsche Bank Nat'l Trust Co. v. Quintanilla, No. C 11-1044 SBA. On May 25, 2011, the Court sua sponte remanded the action for lack of subject matter jurisdiction. Id., Dkt. 12. On remand to the state court, the UD action proceeded to trial and was resolved in favor of Plaintiff. The judgment was entered and a writ was issued on May 7, 2012. On May 17, 2012, Defendants again removed the action to this Court on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. Dkt. 1 at 2.[1] Defendants also filed an application to proceed in forma pauperis ("IFP"). Dkt. 3.

Federal courts have an independent duty to ascertain their jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c); see also

---

[1] On June 21, 2012, the Court deemed Case No. C 11-1044 SBA related to the instant action, within the meaning of Local Rule 3-12. Dkt. 11.

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged: (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants' Notice of Removal alleges that Plaintiff, through its UD action, has violated various federal statutes, including the Fair Debt Collection Practices Act (erroneously referred to as the "Federal Debt Collections Practices Act"), the Truth in Lending Act, and the Real Estate Settlement Procedures Act. See Dkt. 1 at 3. However,

federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses.  Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Defensive matters do not confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law."  Id. at 10 (emphasis in original).  In reviewing the instant pleadings, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction.  Plaintiff's Complaint is presents a UD claim, and does not assert any federal claims.  Thus, based on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Contra Costa.  The Clerk shall close this file and terminate all pending matters.  Plaintiff's pending motion for remand (which has not yet been heard) (Dkt. 7, 13) and Defendants' request to proceed IFP (Dkt. 3) are DENIED as moot.

IT IS SO ORDERED.

Dated:  July 24, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

        Plaintiff,

 v.

LUIS QUINTANILLA et al,

        Defendant.

                                /

Case Number: CV12-02581 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Quintanilla
5049 Claremont Court
Oakley, CA 94561

Odilia Quintanilla
5049 Claremont Court
Oakley, CA 94561

Dated: July 25, 2012

                                    Richard W. Wieking, Clerk

1 By: Lisa Clark, Deputy Clerk
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28